DANIEL McRAENY, TRUSTEE, &c., PLAINTIFF IN ERROR *vs.* WILLIAM JOHNSON AND WORMLEY R. MOORE, DEFENDANTS IN ERROR.

The trustee of a married woman is the proper person to bring an action at law for asserting or defending the legal title, and every action founded on such title must be brought in his name.

The fact that the property, for an injury to which the action is brought, was in the actual possession of the *feme* at the time of the injury, does not change or affect the right of the trustee to sue.

When the deed of trust allows the property to remain in possession of a married woman, her possession is consistent with the deed, and she is to be regarded as the agent of the trustee.

The right of action, in such case, cannot be in the husband and wife, the *cestui que trust*—he having neither the ownership nor possession.

Wherever the trust would be supported in equity, the right of the trustee will be supported at law.

The trustee is the owner and has all the remedies devised by law for any injury done to the property in his charge.

In cases of injury to slaves, the American courts give a more enlarged protection than prevails in cases of *mere* chattels. They are moral and sentient beings, and the right of the master to maintain trespass for any battery of his slave is clear and well settled,

This was an action of trespass, brought in the Circuit Court of Leon County, by McRaeny, Trustee of Rebecca C. Williams, against William Johnson, Daniel Johnson, Wormley R. Moore and James G. Wells, claiming damages for a trespass which was alleged to have been committed by defendants, and which consisted in assaulting and beating a certain slave of plaintiff, so that he died. Defendants pleaded not guilty.

At the Fall term of the Circuit Court of said County, in the year 1847, the Hon. THOMAS DOUGLAS, Judge presiding, the case was argued and submitted to the jury, who found the following verdict :

" The jury empannelled in this cause appeared in Court and upon their oaths do say that the defendants are guilty in manner and form as the plaintiff against them has complained, and they do assess the plaintiff's damages, by occasion thereof, to four hundred and thirty-five dollars, subject to the opinion of the Court upon the following points reserved :—Whether, inasmuch as the jury find that the said plaintiff claims title to the negro, Sam, under and by virtue of a deed of trust from Joseph Williams, which is on file in this cause, whereby an interest in, and the possession and use of, said slave was secured to Rebecca Williams during her life, and the said Rebecca Williams was in possession of the slave under said term, so secured to her, not then expired at the time of the alleged trespass, the said plaintiff can maintain this action ; and if the Court shall be of opinion that the said plaintiff can maintain this action, then the verdict is to be entered for the plaintiff, as aforesaid ; but if the Court shall be of a contrary opinion, then a verdict is to be entered for the defendants."

Upon this special verdict the Court below, being of the opinion that the law upon the point reserved was for the defendants, gave judgment accordingly."

There were other points in the case arising out of the right of challenge, but not material to be noticed in this statement.

The plaintiff, before trial, dismissed his suit as to Wells and Daniel Johnson.

*Archer*, for plaintiff in error,

I.—Contended that the Court erred in deciding the point reserved in favor of the defendants ;

1. Because the possession of Mrs. Williams was the possession in law of the plaintiff. 1 Chitty Pl., 175.    8 Taunt., 676.

2. Trespass lies by the legal owner though not entitled to immediate possession, when there is a destruction of the chattel. 2 Saunders' Pl., 862.    2 Saund. Rep., 479.    1 Chitty Pl., 198—200.    12 Wend., 98.    8 Metcalf, 235.

3. For injury to a slave by force trespass lies by the general owner, under all circumstances. Gilliam *v.* Senter, 9 Ala., 395.    2 Bailey, 95.    Harper, 113.    1 McCord, 100.    Dudley's Law and Equity Rep., 83.

II.—The Court erred in allowing eight challenges to defendants in empannelling the jury.

III.—The Court erred in giving judgment for all the costs against plaintiff, when the verdict was in his favor.

*Randall & Thompson,* for defendants in error :

The only question here is, whether the Court below erred in its judgment on the special verdict.    It will be seen that the jury submit to the Court, whether the plaintiff had such an *actual* or *constructive* possession and also such a general or qualified property in the slave, as will entitle him to maintain *trespass vi et armis.*    [See special verdict.]

The plaintiff must, at the time when the injury was committed, have had an *actual* or *constructive possession,* and also a *general* or *qualified property* therein.    3 Stephens' N. P., p. 2637.    1 Term R., 480.    2 Greenleaf on Ev., 504, 506.    4 Term R., 489.    7 Term R., 9.

But if the general owner has parted with the possession, and the bailee *have a right to use the thing,* the constructive possession is rebutted, and he can no longer maintain *trespass,* though he retain the right of property, because he has not an *immediate* right, but only a *reversionary* right ; and when that is the case, the owner. cannot maintain trespass for an injury done to the property, even by a stranger, but is driven to *his action on the case.* 2 Tucker's Coms. 90, 91.

Whether the general owner can maintain trespass for the taking or injury of a chattel while in the hands of a bailee, or person having a special property, depends on the question *whether such owner has the constructive possession.*    If the bailee *has a right of posses-*

*sion for any time, however inconsiderable,* to the exclusion of the owner, such owner cannot maintain trespass.

Therefore, where furniture of a landlord, let with a house, was taken under an execution against the tenant, it was held that the landlord could not maintain trespass against the sheriff, for he had not the constructive possession. Ward *v.* Macauley, 4 Term R., 489.— Smith *v.* Plomer, 15 East., 607. Gordon *v.* Harper, 7 T. R. 9.— Ryan & Moody's Ca., 99. 9 Bac. Abr., title Trespass, 455, note A.

Thus it will be seen that a voluntary bailment, if it have secured to the bailee *the right of possession for any the least considerable time, to the exclusion of the owner,* such owner cannot maintain trespass for injury done during such bailment.

In the case at bar, McRaeny had neither actual nor constructive possession. Moreover, he had not the right to the possession—that was in another, by a title and tenure as good as his own right to the reversion.

Now the exception to this rule yet more fully confirms the correctness of our position.

That "exception" is—where the owner has parted with his possession to a carrier, servant, &c., giving him only a *bare authority to carry or to keep, not coupled with an interest in the thing,* such owner may yet maintain this action. Stephens' N. P., 2636.

But "*e contra*"—when the authority of the bailee is something more than a bare authority to carry or to keep; when it is a vested interest in the *thing in possession, coupled with the use,* this action cannot be maintained by the general owner.

This is illustrated by the case of Hall *v.* Pickard, 3d Camp., 189. See opinion of Lord Ellenborough, 61, g., in the above case.

Now, for the American rule on this point, see Mr. Justice Washington's opinion in Corfield *v.* Corfield, 4 Wash. C. C. R., 387, in a case analogous to the one in 3d Campbell.

See further cases cited in 4th Wash. C. C. R., to wit: 1 Chitty's Pl., 166, 7.—193, 4.—150. 8 Johns. R., 337. 11 Johns., 385.— 7 Johns. 9, 535.

Cases may be multiplied to any extent :—5 Vermont, 274, 328.— 6 Ibidem, 622. 11 Pick., 382. 13 Johns., 141, 561. 21 Pick., 367. 1 New Hamp., 110. 4 J. J. Marsh., 18.

To get rid of this difficulty the counsel for plaintiff in error assert that the possession of Mrs. Williams is the possession of McRaeny,

17

524 SUPREME COURT.

McRaeny, Trustee, vs. Johnson and Moore.—Opinion of Court.

trustee, and thus seek to shelter themselves behind the principle of law that the possession of the cestui que trust is that of trustee.

But it must be seen that the principle cannot apply here to the possession secured to Mrs. Williams, individually, in the same deed that secured to McRaeny his title as trustee.

It may be true, as laid down in Tillinghast's Adams on Ejt., p. 52, that "cestui que trust is tenant at will to the trustee," and for the very obvious reason that, the whole estate, legal title and possession usually going to trustee, the possession of cestui que trust is ordinarily, in fact, but permissive by trustee, and is, in fact, his very possession.

Opinion by Justice BALTZELL :

That the owner of a slave is entitled to damages from a wrong doer for an injury occasioning his death, is not denied ; but in the present case it is urged, that the trustee is not the proper person to bring the suit, nor trespass the form of action appropriate to such an injury. The slave, on whose account the action is instituted, is found by the jury in their special verdict to have been in the possession of a married woman, under a deed of trust constituting the plaintiff trustee ; and whether he can maintain the action, under such circumstances, is the question.

For injuries to personal property, without amotion or carrying it away, the remedy is either trespass or case. The injury should be immediately injurious in the action of trespass, and the plaintiff should be in the actual or at least constructive possession of the chattel at the time it was injured. Arch. Pl. & Ev., p. 16, 17. Constructive possession is where the general owner, although the chattel is in the actual possession of another, has the right to reclaim it immediately ; the person in possession not being entitled to retain it against his will. 8th Pickering, p. 335. Bacon Abridg., title trespass, C. 7th Connecticut R., page 235. 5th Vermont R., page 97. The plaintiff must have a constructive possession in respect of the right being actually vested in him. 1 Term. Rep., 480. 3 Day, p. 498. 8 Johnson, p. 432. A general property in a personal chattel draws to it the possession in law. Bacon Abridg., title trespass, C. 7 Connecticut, 235. 5th Vermont, 97. Not only he who has the property, but also he who has the possession of goods, shall maintain trespass for the goods. 7th Comyn's Digest, 510.

Has the trustee for a married woman such property or possession by right actually vested as will enable him to maintain the action? We confess that but for the confidence with which the contrary has been maintained by learned counsel, we should have no hesitancy in giving an affirmative answer, as he is the proper person to bring any action at law for asserting or defending the legal title, and every action founded on such title must be brought in his name. Lewin on Trusts, p. 481, 482. The trustee cannot maintain the action in this case, it is said, because the *feme* was in the actual possession, and by the deed was entitled to it. There is nothing peculiar in this; " for," says an eminent writer, " it is a case that seldom happens, for the trustee to be in the actual possession." 1 Cruise's Digest, 489.

In the case of Haselton *v.* Gill and another, which was trover for eight cows, &c., the marriage settlement was in trust, that the trustees should permit the *feme* (about to be married) to keep and enjoy, and at her will to sell and dispose of the said cows and premises, and the increase and produce to arise and be produced from the same, for her own use, &c., and to carry on the business and trade of a cow keeper and milk-seller; and the action was by the trustees, for part of the cattle contained in the deed, and others bought with the trust money. Lord Mansfield says: " By the common law the wife can have no property during the coverture, but all her estate is in the husband. But courts of equity have for ages past thought the rules of the common law too hard, and have thought it right to protect the property of the wife from the extravagance of the husband, in cases clear of fraud. This is done by the intervention of trustees, and thus far the wife is, to all intents and purposes, a single woman. And whenever the trust can be supported in equity, this Court will consider the trustee entitled at law." The title having been contested as fraudulent, on account of the possession, Ashurst and Butler, Justices, say, " it was consistent with the deed—the wife was the agent of the trustees—she acted as their agent, and a recovery was had." 3 Term R., p. 622, n. To the same effect, and under like circumstances, are the cases of Jarman *v.* Woolaston and another, 3 Term R., p. 622. Caddogan *v.* Kennett, 2 Conn. R., 242, and Foley, &c. *v.* Sheriff of Middlesex, stated in a note to this latter case. These were cases of trover, yet *property* is required in *it*, as well as in trespass. "When the defendant takes goods wrongfully and by trespass, the plaintiff, if

he brings trover, waives the trespass, and admits the possession to have been lawfully gotten." Coolidge v. Chitty, &c. 1 Bur., 31.— " Two things are necessary in the action of trover—property in the plaintiff, and a wrongful conversion by the defendant." Ibid. In trover, there must be proof of actual possession, or that plaintiff was entitled to the immediate possession of the goods. 2 Phillips' Evidence, 221. 7 Term. R., 13. A case still more conclusive is that of Wooderman v. Baldock, being an action of trespass, for the asportation of goods, brought by trustees, under a deed of assignment, with a clause for the trustees to permit the goods to remain in possession of the assignor—those remaining with him were levied upon, and suit being instituted, a recovery was had, no objection being raised as to the form of the action, or to their want of possession, although a new trial was moved on other grounds. 8 Taunton, 677.

Referring to elementary treatises, whilst the rule is as we have stated, as to the right of the trustee to sue, there is no exception as to any particular action, or class of cases. He is owner, and there is no reason for denying him all the remedies devised by law for redress for any injury sustained by the property under his charge. Nor is there any obstacle, on account of the interest of the *cestui que trust ;* the cases just quoted speak of him as the agent of the trustee ; others, of his possession as the "very possession of the trustee," and not liable to be displaced by it, however long continued, the holding not being adverse. Hill on Trustees, 266. Adams on Ejectment, 52. Such right to the possession, it is said, is recognised in equity only. Lewin, 481. Again : *cestui que trust* is regarded as tenant at will and at sufferance of the trustee. Hill, 266. Lewin, 481. In Dane's Abridgement, as mere borrower of goods from the trustee. 4 Dane, 249. Courts of law do not distinguish between a suit brought by trustee against his *cestui que trust*, and that by another person. 8 Term Rep., 122, 123. Nor are trustees for married women, as has been insisted in argument, mere nominal appointments, or dry trustees ; on the contrary, we find them classed amongst the trustees clothed with active duties. Hill, 545. Where, then, is the pretext for considering their interests and rights as distinct or separate ? If the provision, entitling the *feme* in a trust deed to the possession, may not be noticed or asserted in a court of law, by what rule or right can it avail a stranger claiming its protection,

not only adversely, but in a manner to annihilate and destroy, as well the possession as the interest and property itself?

It is sought to bring this suit within the authorities holding that trespass will not lie in cases where there is a bailment or right of possession derived from the owner. To this it may be answered, that if the trustee of Mrs. Williams, by his implied sanction, had hired the negro for a term, and during its continuance the injury had been committed, there might be pretext for the argument, though even in such case the destruction of the chattel, for obvious reasons, will give right of action even against the bailee. 1 Chitty Pl., 171.

In cases of injury to this peculiar species of property, the American Courts, by a spirit of enlightened humanity, have extended a more enlarged protection than prevails in cases of mere chattels ; it is said, " slaves are, by the operation of our law, deprived of all personal rights, yet they are moral agents, subject to the same feelings, and have a right to protection from abuse, as other human beings." Whilst different remedies have been used, " they all, either impliedly or expressly, admit the right of the master to sustain trespass for any battery of his slave. 2 Bailey, 95. Harper, 113. 1 McCord, 100. 11th Alabama, 395, n. s.

The right of action for the injury in the present case, is asserted to be in the husband, Williams, and his wife the *cestui que trust*, but he has neither the ownership nor possession—neither a right in law, nor one in fact. For him to maintain the action, is to permit him to defeat his own deed, and destroy the very interest he had vested in the trustee. We are satisfied that the trustee is the person to bring the suit, or there is no remedy—that it was his duty to have brought the action, and that it was rightly brought.

The judgment of the Court below will be reversed and set aside, and the cause remanded, that a judgment may be entered on the special verdict for the plaintiff in that Court.