## McLeod vs. Bernhold.

TRUST DEED: *Right of possession, etc.*

A provision in a deed of trust to secure a debt, that the grantors may retain possession of the property until the maturity of the debt, unless they do some act inconsistent with the object of the deed, does not affect the trustee's right of possession as against third parties; and where the property is taken out of the possession of the grantors under an adverse claim he may sue for its recovery.

APPEAL from *Lee* Circuit Court.

Hon. J. N. Cypert, Circuit Judge.

*Rose*, for appellant.

*Palmer*, contra.

Harrison, J.:

Adolph Bernhold sued George W. McLeod before a justice of the peace in replevin for a mare, a mule, and three head of cattle.

The defendant pleaded title in himself. The verdict and judgment were for the defendant; and the plaintiff appealed to the Circuit Court.

The case was tried in the Circuit Court, by the court without a jury, which found in favor of the plaintiff, and likewise the value of the property, and assessed the damages at $35.

The defendant moved for a new trial, which was refused, and judgment for the property, which had not been delivered to the plaintiff, and for the damages, was rendered against him, and he appealed to this court.

Several exceptions to rulings of the court during the trial were reserved by the defendant, but the matters excepted to were not made grounds of his motion for a new trial, and were consequently waived and abandoned by him as has been repeatedly held by this court.

The only ground assigned was that the finding of the court was contrary to the law and evidence.

The plaintiff read in evidence the following agreed statement of facts:

James A. Bush was the trustee in a deed of trust from Merrill Congress, dated March 25th, 1876, to secure a debt of $100, which the latter owed the defendant. In November, 1876, the debt being due and unpaid, Bush sent J. W. Risk to Congress' house for the property conveyed to him by the deed. Risk took the property against the objection of Lizzie Congress, the wife of the said Merrill Congress, who claimed the same as her separate property, and carried it to Marianna to Bush, and Bush advertised and sold it in accordance with the terms of the deed of trust, and the defendant purchased it at the sale.

The plaintiff claimed the property and protested against the sale, and after sale brought this suit for its recovery.

That the property mentioned in the deed of trust of the defendant marked "Exhibit H," and that in the plaintiff's exhibits "A" and "B," consist of one mare valued at $50, one mule at $60, two cows at $15 each, and one steer at $10, and that that mentioned in the three exhibits named, is the property in controversy, and was all which the defendant purchased at the sale.

That the defendant is the same person who is mentioned in the deed of trust. "Exhibit H," as *cestui que trust*. And that the bay mare mentioned in the deed of trust offered as evidence in this cause marked "Exhibit O," is the one mentioned in exhibits "A" and "B" of plaintiff's proof, and "Exhibit H" of defendant's.                    HEWETT & GOVAN, for Plaintiff.

                    M. ANDERSON, for Defendant.

He then read the "Exhibit A" referred to in said agreed statement of facts, which was a deed from Merrill Congress and Lizzie Congress his wife to the plaintiff of the property in controversy, dated the 17th day of August, 1876, in trust to secure the payment of a debt of $250, which they owed Frank & Bro.,

and which was, it was stated, evidenced by a written obligation of the same date, but when payable was not stated, in which deed it was provided that until the debt fell due and default of payment was made, the said grantors should, unless they did or attempted to do something inconsistent with the object of the deed, retain possession and have the use and benefit of the property; and also read the "Exhibit B" referred to in the agreed statement of facts, which was the schedule of the separate property of the said Lizzie Congress, filed in the recorder's office on the 6th day of January, 1876.

The other exhibits, H and O, referred to in the agreed statement of facts, were not read, and this was all the evidence in the case.

Although it in no way appears that the debt secured by the deed of trust had become due, or that Congress and wife had forfeited the right to retain possession of the property before the suit was brought; yet, though they were still entitled to the possession, as the legal owner, the plaintiff had the right of possession against all persons, except them, whose possession was his possession, and might sue for its recovery. 1 Perry on Trusts, secs. 328, 330; Hill on Trustees, 274; *Wynn* v. *Lee*, 5 Ga., 236; *McReany* v. *Johnson*, 2 Fla., 520; *Poage* v. *Bell*, 8 Leigh, 604.

The evidence very fully sustained the finding of the court as to the title to the property, the only matter the answer put in issue, and also as to the value, which was found as settled by the agreed statement of facts, but there was no evidence whatever as to the damages occasioned by the detention of the property, and in respect to them the judgment is erroneous.

In as much, however, as the amount of the error is so small, we will not remand the cause for a new trial, but will correct the error here by a modification of the judgment.