Soutter and McRae v. Miller.

JAMES T. SOUTTER AND JOHN McRAE, RESPONDENTS, VS. JACOB MILLER, APPELLANT.

1. The deed of trust executed by the Florida Railroad Company to Soutter and McRae, as Trustees, conveying certain lands and lots, in trust, to sell and convey the same by deeds of conveyance, and to devote the proceeds to the payment of liabilities of the company, is not a mortgage, but vests the legal title in the trustees, and they are the proper parties to protect the title of such lands as remain unconveyed by them.

2. The eighth section of the Act of Congress of June 7, 1862, for the collection of direct taxes in insurrectionary districts, provided that the owner might, at any time within one year after a sale of lands, prove to the satisfaction of the Commissioners that they belonged to a certain class of persons, and that they had been unable, by reason of the insurrection, to pay the taxes or redeem the lands from sale within the time limited for paying or redeeming the same, in which case the Commissioners were authorized to allow a further time to redeem the same, not exceeding two years from the time of sale; and any party interested may appeal from the decision of the Commissioners to the District Court of the United States. The plaintiffs, whose lands had been sold for taxes, applied to the Commissioners and made certain proofs, whereupon the Commissioners made an order that satisfactory proofs required by statute having been made, the plaintiffs were entitled to redeem within two years from the day of sale of their lands; and the plaintiffs within the two years redeemed the lands from sale— all which appeared by the records of the Board of Tax Commissioners; and no appeal was taken from their decision to the District Court. The defendant now claiming that the plaintiffs were not entitled to redeem the lands sold, it is *held*, that the Board of Tax Commissioners were made by law the judges of the sufficiency of the application and the proofs, and their order standing unreversed, it is conclusive, the courts of the State having no power to review that judgment. The redemption by the plaintiffs extinguished the certificate of sale.

Appeal from the Circuit Court for Nassau county.

*D. L. Yulee* for Respondents.

*Friend & Hammond* for Appellant.

RANDALL, C. J., delivered the opinion of the court.

This is an appeal from the judgment of the Circuit Court for the county of Nassau, in an action for the recovery of real property, the legal title to which was claimed by the plaintiffs (respondents) as trustees of the Florida Railroad Company.

The answer of the defendant puts in issue the right of the plaintiffs to bring suit; denies the allegations in the complaint, and claims that he had been in the peaceable possession of the premises under a title adverse to that of the plaintiffs for seven years and upwards prior to the commencement of this suit.

The cause was submitted to the judge without a jury upon the pleadings and proofs, and judgment was given in favor of the plaintiffs, that they recover possession of the lots described in the complaint. The defendant appealed.

The plaintiffs proved their title by exhibiting a deed of trust executed by the Florida Railroad Company to them, as trustees, containing the usual terms of grant, bargain and sale, and the habendum clause as follows: "To have and to hold the above described premises, * * * to the said parties of the second part, their heirs, successors and assigns, as their absolute property, in fee simple forever, free and discharged from all incumbrances," &c.; and in trust that the grantees shall, from time to time, as may be required by the grantor, execute leases, deeds and other conveyances of the same at appraised values, and receive the purchase money and rents, and with the proceeds of sales and leases, first, pay the expenses of the management of the trust, including surveys, location, &c.; and secondly, pay the interest upon certain bonds contemplated to be issued by the grantor; third, to pay the necessary expenses of grading, improving the property in Fernandina and Cedar Keys; fourth and fifthly, to buy in the bonds, or invest in good stocks, to be held as a sinking fund. The grantees, then,

agree to perform the conditions, sell the lands and lots, and render accounts from time to time.

The defendant insists that this instrument is, in the law, merely a mortgage executed to them for the security of the bonds, and therefore is not evidence of title upon which they may recover possession; and counsel refer to the act of the Legislature passed January 8, 1853, which prohibits mortgagees from acquiring possession until foreclosure and sale; and that the railroad company is the only proper party to bring suit.

It is clear, however, that this conveyance, as to the parties in this suit, is not to be treated as a mortgage, nor the trustees as mortgagees. An estate in the land for all the purposes of the trust is created by it, and the law referred to is not applicable to it. The legal title, with full power to sell and convey the fee, is expressly given, and the estate is to be treated according to the law of trusts, the proceeds of leases and sales of the lands only being pledged to the use of the bond creditors. A deed by the trustees carried the fee without the formality of a decree by virtue of the power to convey.

"With respect to the duty of trustees, it is still held, in conformity to the old law of uses, that pernancy of the profits, execution of estates and defense of the land, are the three great properties of a trust. So that the Court of Chancery will compel trustees * * * * to defend the title of the land in any court of law or equity." 1 Cruise's Dig., Chap. 4, Sec. 1; 10 Johnson, 495; McRaeny, Trustee, vs. Johnson & Moore, 2 Fla., 520.

The trustees, therefore, are the proper parties to bring this suit, as the deed of trust vested the legal title in them.

The property in question was sold by the United States Tax Commissioners on the third day of January, A. D. 1865, and appellant claims title under their certificate of sale. The plaintiffs, to sustain their title as against the tax certificate and sale, produced a receipt signed by one of the tax com-

missioners, showing that John McRae, one of the plaintiffs, had, on the twenty-first day of December, A. D. 1866, paid the amount of the tax, penalty, costs and interest and expenses of sale, &c., charged against the lot in question for the redemption of the lot from said sale, and certified that said McRae had appeared and made oath in due form of law to support the Constitution of the United States. The plaintiffs also introduced a transcript of the proceedings of the Board of Tax Commissioners, had on the 28th April, 1866, at which time all the commissioners were present, from which, it appears, the following order was made : " It " appearing that the said lands were conveyed by said com- " pany to James T. Soutter and John McRae, in trust, by " a deed duly recorded and in evidence, and that Marcellus " A. Williams is the attorney, in fact, of said trustees ; and " it further appearing that said Soutter and McRae applied " for the redemption of said lands within one year after the " day of sale by the commissioners, and perfected the proofs " required by statute : It is ordered that said trustees, James " T. Soutter and John McRae, are entitled to redeem said " lands at any time within two years after the day of sale " thereof on payment of the tax, penalty and interest, to- " gether with the costs and additional expenses provided for " by statute, and on taking the oath to support the Constitu- " tion of the United States."

The court below found that the lot in question was lawfully redeemed by the plaintiff from the tax sale mentioned in the certificate, and this is assigned as error.

The eighth section of the act of Congress of June 7, 1862, provides "that at any time within one year after the said "sale by said commissioners, any person, being the owner of " any lot or parcel of ground at the passage of this act, who " shall, by sufficient evidence, prove to the satisfaction of " said board of commissioners, that he or she, after the pas- " sage of this act, has not taken part in the present insur- " rection against the United States, or in any manner abetted

" the same, and that, by reason of said insurrection, he or
" she has been unable to pay said tax or redeem said lands
" from sale within the time above provided for, [sixty days,
" as provided for by Section 7,] the said board of commis-
" sioners may allow him or her further time to redeem the
" same, not exceeding five years from the day of sale. * * *
" From their decision, the United States or any party in in-
" terest may appeal to the District Court of the United
" States for said district, which is hereby authorized to take
" jurisdiction of the same as in other cases involving the
" equity of redemption."

It thus appears that after a sale a certain class of persons
may be allowed two years within which they may redeem
their lands sold for the direct tax, and the Board of Tax
Commissioners are invested with the judicial authority to
determine whether the applicant belongs to that class. The
commissioners met, heard the application, decided that the
application was made in due time, that the applicants be-
longed to the class entitled to redeem within two years after
the sale upon making payment and taking the requisite
oath, and entered in their records an order to that effect.
Within the two years one of the owners appeared and paid
the necessary amount to one of the commissioners at their
office, in Fernandina, and took the oath as required.

The board of commissioners having heard and decided the
application, their determination is binding upon all persons
unless an appeal was taken, as provided in the act. It does
not appear that an appeal was taken. Their decision, then,
is final and conclusive. It is objected that it does not appear
that the applicants made the necessary proofs to show that
they were entitled to redeem within two years. We cannot
judge of that, because the commissioners are made the judges
of the sufficiency of the application, and of the proofs, and
we have no appellate power to review their judgment. The
district court is authorized, upon appeal, to review their
judgment, and that court, not having heard and reversed it;

-it is conclusive upon all persons and courts as to the right of these parties to redeem.

The parties entitled having redeemed by payment of the necessary amount of money to the officer authorized by law to receive it, the certificate and all the rights of the purchaser under it became extinguished.

This cause was heard upon brief and argument in connection with the case of Edward N. Dickerson vs. Jane Y. Acosta, and some of the points made and errors assigned in the case at bar are disposed of in that case.

As to the statute of limitations, it appears that this suit was commenced within the time prescribed by law.

As we find no error in the judgment of the Circuit Court, it is affirmed.