[No. 6897.]

NEIKIRK ET AL. V. THE BOULDER NATIONAL BANK ET AL.

1. PRACTICE IN THE SUPREME COURT—*Questions First Presented in the Brief in Reply*, without good cause shown for the omission thereof from the brief in the opening will not be considered.

2. ——*Harmless Error*—The denial of a motion, not shown to be prejudicial will be treated as harmless, even if error.

3. MORTGAGE AND TRUST—*Distinguished*—A deed absolute intended merely as a security for money, the agreement being that the grantor will be entitled to a re-conveyance on payment of the indebtedness, is in effect a mortgage and not a trust, and the creditor is entitled ·to a foreclosure.

4. CASES OVERRULED—*Distinguished or Explained*—Hall v. Linn, 8 Colo. 264, and *Armor v. Spalding*, 14 Colo. 302, distinguished.

5. TRIAL BY JURY—*Equitable Actions*—In a foreclosure bill issues are tried by the court (Rev. Code sec. 190).

*Error to Boulder District Court.*—Hon. JAMES E. GARRIGUES, Judge.

Mr. GUY D. DUNCAN, for plaintiffs in error.

Mr. RICHARD H. WHITELEY, for defendants in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

In 1901, the plaintiffs in error, Henry and Emily Neikirk, were indebted to The Boulder National Bank on three promissory notes, which were secured by trust deeds upon real estate owned by the Neikirks. All of the real estate, except one lot, was released from the trust deeds, and, with

other property, conveyed to Switzer by quit claim deed absolute on its face.    The court found, from ample supporting evidence, that the conveyance to Switzer was made to secure the notes then held by the bank, and future advances that might be made to the Neikirks, or either of them.    The form of the bank's security was thus changed from the trust deeds to the conveyance to Switzer, to facilitate the sale and conveyance of the land which had been platted into lots as an addition to Boulder.    The answer of the Neikirks, and a declaration of trust made by Switzer, show that the lots were to be sold; that the proceeds were to be used in paying taxes and other necessary charges on the property, and interest and principal of the indebtedness secured; that any surplus was to be paid to the Neikirks, and when the indebtedness was discharged, the unsold lots, if any, were to be conveyed to them.

For several years the matter continued thus.    Lots were sold by Mr. Neikirk from time to time, and, at his request, conveyed by Switzer, and the proceeds paid into the bank. While many of the lots were sold, it is evident that they did not sell as rapidly as was expected, and after about five years the bank commenced an action to foreclose the trust deed still remaining on the one lot, and, alleging that the conveyance to Switzer was a mortgage, sought also to foreclose that, for the purpose of paying the balance due on the three notes, as well as two other small ones given for advancements made.    After a trial, a decree of foreclosure was entered as prayed for, and it is that decree that is now here for review.

In the reply brief, for the first time, a question is raised as to the validity of the judgment, on account of the time and manner of its pronouncement.    The opening brief does not mention this question, nor was any leave of court obtained to raise it in the reply brief, nor good cause shown for the omission from the opening one.    On the face of the judgment roll the decree appears to be regular.    A salutary rule of practice will not permit the consideration of a question

raised under such circumstances.—*Isabella G. M. Co. v. Glenn*, 37 Colo. 165.

A motion of the defendants in the foreclosure suit for a bill of particulars was sustained, and a bill was filed. This was not as specific as the defendants wanted, and they again moved for a more specific statement, claiming that the bill as filed did not comply with the order of the court. This second motion was overruled, and this ruling is claimed to be reversible error. Perhaps the court erred in its ruling on the motion. If it did it is not shown that the error was prejudicial. If technical error alone would require the reversal of a judgment, the lower courts would have to go out of business, for in the hurry of trials it is next to impossible to keep out error altogether. The defendants sought to have Switzer and the bank account for all proceeds of lots sold. The complaint alleged that certain payments had been made on the notes, and the defendants sought a statement of the time and source of these payments. Every lot that was conveyed was sold by Neikirk, and he knew as much about it as Switzer or the bank. In an affidavit, he said that he did not keep account himself, but relied upon the bank to do so. At the trial, a statement was furnished of the receipts by Switzer and the bank. It is impossible to conceive that the ruling of the court on the motion prejudiced the defendants in any way.

Plaintiffs in error contend that the conveyance to Switzer created such a trust as forbade the remedy by judicial foreclosure, and, as we understand them, that the remedy of the bank was to have Switzer sell the lots as he had been doing, or, if he refused, to have a court remove him and appoint a successor who would do so. There is such a thing as a trust that is unconditional and indefeasible, and another thing that is a trust in the nature of a mortgage that is conditional and defeasible. Jones' Mort. (6th Ed.), sec. 62. Take the trust deed in this case covering the one lot. There is a trust in the nature of a mortgage wherein the lot is

pledged for the payment of the debt, and whenever the debt is paid the conveyance is defeated and the trustee must convey the lot to the trustor. Such trust deeds, formerly when made to any third party, and now under a statute to an official called a public trustee, were and are used quite generally in this state instead of mortgages, and even though the right of the trustor may be cut off by the exercise of the power of sale given therein, there is no doubt that they may be treated as mortgages and foreclosed by judicial proceedings.—*Denver B. & M. Co. v. McAllister,* 6 Colo. 261; *Stephens v. Clay,* 17 Colo. 489.

Except as to the manner of selling the property, there is no essential difference, in principle, between such trust deeds, and the conveyance to Switzer under the arrangement alleged in the answer and disclosed by the declaration of trust. The lots were pledged for the payment of the debt to the bank, and the Neikirks were entitled to regain the title to them when the debt was paid. It was a conveyance of the lots in trust for securing a debt, subject to a condition of defeasance. If it was such a trust as now contended for, then when the lots were conveyed to Switzer the Neikirks parted with them forever, had no further interest in the title, and were entitled only to the proceeds of the sales by payment of their debt, and when that was paid, by receiving it direct from Switzer. No such a trust was claimed, contemplated or declared by any of the parties. Neikirk tried to borrow money to pay the bank. Had he succeeded he certainly contemplated that under the arrangement he could pay the debt and thus defeat Switzer's title, and compel a reconveyance. While the lots were to be conveyed by Switzer, when sold by Neikirk, and the proceeds applied to the indebtedness, yet under the arrangement as disclosed by both the answer and the declaration of trust, Neikirk could have raised the money from any other source, and paid the debt, whereupon Switzer's right in the lots would have ceased and he would have been obliged to convey them to Neikirk. A mortgage or a

trust in the nature of a mortgage differs from a trust, in that in a mortgage or a trust in the nature of a mortgage, the property is to revert or to be conveyed to the grantor upon the payment of the debt secured.—Lance's App. 112 Pa. St. 456 at 467; *Hoffman v. Mackall,* 5 O. St. 124.

In *Armor v. Spalding,* 14 Colo. 302, the complaint alleged that Armor had deeded the land to Spalding, and that the latter should sell to satisfy the indebtedness and pay the overplus to Armor. There was no provision, oral or written, that the title should, in any event, be restored to Armor, and this court said that the want of such provision was inconsistent with the theory of a mortgage. There is no doubt that, if the complaint would have alleged a provision whereby the title was to be restored to Armor upon the payment of the debt, the transaction would have been held to be a mortgage. The plaintiffs in error claim that the case of *Hall v. Linn,* 8 Colo. 264, directly sustains their contention that the transaction in this case did not create a mortgage. They are mistaken. In that case, on page 271, it was said that the appellee (grantor) was to do nothing to defeat appellant's (grantee's) apparent title, and that there was no provision for redemption or for the execution of a reconveyance to the grantor. It was under such a state of facts that this court said that the transaction did not create a mortgage. It being undisputed that the Neikirks could redeem their property from the conveyance to Switzer by payment of the debt, it follows that the bank had the right to foreclose, for the right to redeem and the right to foreclose are reciprocal.—1 Jones' Mort. (6th Ed), sec. 250. In *Flagg v. Walker,* 113 U. S. 659; *Soutter v. Miller,* 15 Fla. 625; *Hoffman v. Mackall, supra; Frick's App.* 87 Pa. St. 327, cited by plaintiffs in error, there was no defeasance, right to redeem, or arrangement for reconveyance to the grantors. *Woodruff v. Robb,* 19 O. St. 212, is against the contention of plaintiffs in error. In *Ladd v. Johnson,* 32 Ore. 195, the instrument creating the trust expressly stated that the conveyance was not intended

for a mortgage, but a trust, and that it was made with the express desire to avoid proceedings by foreclosure. *Marvin v. Titsworth,* 10 Wis. 320, holds that an instrument like our ordinary trust deeds is not a mortgage because made to a third party as trustee and not to the creditor. This is against the declarations of this court, and besides much doubt is cast upon this case as authority, for it is flatly overruled, to a great extent, in *Goodrich v. Milwaukee,* 24 Wis. 422.

Plaintiffs in error demanded a trial by jury in the court below, which was denied. They alleged certain damages which they sought to recover. It was an action for the foreclosure of a mortgage. Under our code, whether an issue of fact must be tried by a jury depends upon the character of the action in which the issue is joined. The foreclosure of a mortgage is an equitable proceeding, and the issues joined are to be tried by the court.—*Danielson v. Gude,* 11 Colo. 87; *Coal Co. v. Coal Co.,* 24 Colo. 116; *Selfridge v. Leonard-Heffner Co.,* 51 Colo. 314.

All matters claimed in the opening brief as reversible error having been discussed and disposed of against the contention of plaintiffs in error, the judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.