## No. 9715.

ESSELSTYN, ET AL. v. THE UNITED STATES GOLD COR-
PORATION.

Decided February 7, 1921.   Rehearing denied March 7, 1921.

Action on injunction bonds.   Judgment for plaintiff.

*Affirmed.*

1. INJUNCTIONS—*Bond*—*Signature of Principal.*   Under secs. 163 and 172 of the Colorado code, relative to injunction bonds, failure of the principal to sign such bond does not render it invalid.

2.   *Bond Executed After Issuance of Writ.*   It is immaterial whether an injunction bond is given before or after the issuance of the writ, where the purpose and effect in the interest of the plaintiff in the suit is undisputed.

3.   *Bond*—*Approval by Clerk*—*Presumption.*   In the absence of a showing that the clerk was without authority to approve injunction bonds, it may be assumed that such approval was regular and authorized.

4.   *Injunction Bonds*—*Action on*—*Elements of Damage.*   If the injunctive relief sought is ancilliary merely, expenditures made upon the main case cannot be properly claimed as damages in a suit on the bond.   On the other hand, if it is impossible to dissolve the injunction without a hearing upon the merits, all expenses connected with such trial, including attorney fees, are proper elements of damage.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Mr. W. E. CLARK, for plaintiffs in error.

Mr. JOHN R. WOLFF, Mr. CLARENCE M. HAWKINS, Mr. HORACE N. HAWKINS, for defendant in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

THIS is a suit for damages on account of the alleged wrongful issuance of temporary and permanent injunction writs in a suit wherein J. N. Esselstyn was plaintiff and the U. S. Gold Corporation defendant.   That action was

determined in favor of the defendant company and the injunction dissolved. The company then brought this action for damages on the injunction bonds. Two separate causes are alleged in the complaint. On the first plaintiff was awarded $1,000.00 and on the second $12,831.31, aggregating a total of $13,831.31, which judgment is here for review on error.

Defendants demurred to the complaint on the ground that facts sufficient to state a cause of action were not set forth in either count of the complaint. The demurrer was later amended to show also that there was a misjoinder of parties defendant, as one of the bonds was signed by the surety company only. The demurrer was overruled. The pleadings disclose that the issues are whether the undertakings had been duly executed, and whether plaintiff had sustained damage by reason of their issuance.

Trial was to the court. Defendants objected to the introduction of all testimony, including documentary evidence, and at the conclusion of plaintiff's case demurred to the evidence, which demurrer was overruled. Thereupon, without introducing any testimony, the defendants rested, and upon the uncontroverted evidence, findings and judgment were entered as above indicated. Many errors are assigned, only a few of which deserve consideration.

It appears that Esselstyn failed to sign the bond upon which the second cause of action is based. It is therefore urged that the surety company is not liable thereon.

Section 163 of the Code provides, *inter alia,* that:

"And no injunctions shall be issued until the complainant or complainants, or some one for him, her or them, shall have previously executed such undertaking with sufficient surety, payable to the defendant or defendants * * * which undertaking shall be conditioned to pay all such costs and damages as shall be awarded against the complainant or complainants, in case the injunction shall be modified or dissolved, in whole or in part."

And Section 172 is in part as follows:

"On granting an injunction, the court or judge shall re-

quire  *  *  *  a written undertaking on the part of the party in whose favor an injunction is granted, with one or more sufficient sureties, to the effect that the plaintiff will pay to the party enjoined all damages, not exceeding an amount to be specified, as such party may sustain by reason of the'injunction, if the court finally decides that the party in whose favor the injunction was issued was not entitled thereto."

There is a wealth of authority to the effect that bonds in judicial proceedings are valid without the signature of the principal. The general rule as to injunction bonds is stated in 22 Cyc. 922, as follows:

"It is generally held that the complainant himself need not sign the bond."

In *Brown v. Melloon,* 170 Iowa 49, 152 N. W. 75, reported also in Ann. Cas. 1917C, at page 1070, in discussing the effect of a judicial bond not signed by the principal, it is said:

"Practically all the cases holding that a bond is invalid and unenforcible if not signed by the principal were decided upon the theory that the instrument itself created the only obligation of the principal; or that the statute expressly required the signature of the principal; or that the sureties would in some manner be prejudiced because of the failure of their principal to sign, or because it was within the contemplation of the parties that the principal should sign before delivery, or the liability created was joint only, and not joint and several. This statement will be confirmed by an examination of the following, which are usually cited in support of the contention that a bond not signed by a principal is of no validity. (Citing cases.)' The current of modern authority is to the effect that, in the absence of statute expressly requiring it, a judicial bond signed by sureties alone is valid and may be enforced. They proceed upon the theory that, as the signature of the principal adds nothing to his liability, and the want of it takes nothing away from the sureties, and in no manner increases their burdens, or robs them of any of their rights, the failure of

the principal to sign does not affect the validity of the bond." (Citing cases.)

It is to be observed that our statute relative to such obligations does not specifically require the signature of the principal to make the instrument valid and binding.

In a note discussing the more modern cases, which is attached to *Brown v. Melloon, supra,* Ann. Cas. 1917C, 1073, it is said:

"It is obvious that the substantial interest of a surety in having the principal sign the obligation is satisfied if the principal is in any manner so bound that he is primarily liable to the obligee and is liable over to the surety in the event of a payment by the latter. Therefore the recent cases are in substantial accord in holding that if the principal is independently bound to a primary liability his failure to sign the obligation does not exonerate the surety."

That the liability of principals upon an injunction bond is joint and several, and that it is not necessary for either of two principals to sign such instrument, is held in *Smith v. Atkinson,* 18 Colo. 255 (32 Pac. 425) where at page 257 it is said:

"It was not necessary for either Smith or Tabor to sign the undertaking; their liability depended not upon the undertaking, but upon the antecedent wrongful suing out of the writ of injunction."

It is admitted that Esselstyn received the benefit of the injunction, as a condition to the issuance of which he was required to file the bond in question, and he should not be heard to say that, having deliberately failed to comply with his duty in this respect, he may now reap an advantage therefrom, nor is the surety company in any better position in this respect than Esselstyn himself.

Defendants contend that there was no legal liability against them on the thousand dollar bond because, first: no writ of injunction issued after the filing thereof; and second that the clerk who approved the bond had no authority to do so. As to the first contention the record shows that defendant obtained the temporary restraining order con-

ditioned upon his filing an emergency bond of $300.00, and a further additional bond of $1,000.00; that these bonds were filed and approved by the clerk upon the order of the court; that the writ thereupon issued; later the surety company upon these bonds withdrew, and still later Esselstyn filed two other bonds in lieu of the original ones, one of which, the $1,000.00 bond, is here in controversy. These bonds were also approved by the clerk. It clearly appears that the second bonds were given to keep in force the injunction writs already issued, and it is absolutely immaterial whether they were given before or after the issuance thereof, since their purpose and effect, in the interest of plaintiff in that suit, is manifest and undisputed. In the absence of a showing that the clerk was without authority to approve these bonds it may be fairly assumed that such approval was regular and authorized. In any event, they were voluntary common-law obligations, founded upon a good consideration, and the defendants are liable thereon. *Swofford Bros. Dry Goods Co. v. Livingstone,* 16 Colo. App. 257, 65 Pac. 413; *Smith v. Stubbs,* 16 Colo. App. 130, 63 Pac. 955; *McKenzie v. Porter,* 40 Colo. 340, 91 Pac. 916; *National Surety Co. v. People,* 54 Colo. 365, 130 Pac. 843.

No other assignments merit attention except those going to the question of what expenses incurred by defendant can be said properly to have been caused by the issuance of the writ. It is urged that much of the work and labor done and attorneys' fees expended were so done and expended in preparing the case for trial upon the merits, and not in having the injunction dissolved. It is claimed, however, and there is undisputed evidence in support thereof, that it was necessary to try the case fully in order to determine whether the injunction was wrongfully issued. It is clear and undisputed if the injunctive relief sought was ancilliary merely, then that any expenditures made upon the main case could not be properly claimed as damages. On the other hand, if it were impossible to dissolve the injunction until trial of the case upon its merits, all expenses connected with such trial are proper elements of damage.

In *Littleton v. Burgess,* 16 Wyo. 58, 91 Pac. 832 reported with exhaustive annotations in 16 L. R. A. (N. S.) 49, the question of the proper measure of damages in suits on injunction bonds is fully discussed. At page 60, as reported in L. R. A. the court said:

"It is urged that damages, within the terms of the undertaking, do not include attorneys' fees, and that, as the trial court had no jurisdiction to issue the writ, there was no occasion or necessity to employ counsel. The Supreme Court of Alabama, in *Rosser v. Timberlake,* 78 Ala. 162, said: 'It is a mistake to suppose that, because there is no proof of present injury caused by the injunction and restraining order, there was no occasion to employ counsel to defend against it. Any suit brought, if not defended, may result in costs, if not in a more grievous wrong against defendant. It does not lie in the mouth of a complainant, who has forced another into court, to claim exemption from liability on the plea that his suit was so harmless or frivolous as not to call for defense.' In the case before us the plaintiffs in error forced the defendant in error into court to determine at least a question of jurisdiction,—a question which was a judicial one, and which he could not determine himself,—and to ignore the writ might have resulted in great wrong to him. No obligation rested upon him to ignore the writ, even though it was issued without jurisdiction. *Robertson v. Smith, supra.* His right to defend either upon the merits, or upon jurisdictional grounds, accrued to him upon the service of the writ (*Walton v. Develing,* 61 Ill. 201), and by no sophistry of reasoning could he be barred of that right. The right having so accrued, he had the right to be represented by counsel. If the attorneys' fees were incurred to procure the dissolution of the injunction, then, by the great weight of authority, the defendant in error was damaged to that extent, 22 Cyc. Law & Proc., p. 1053, and cases there cited."

In High on Injunctions, section 1687, the rule is thus stated:

"Where a motion for a dissolution is properly made by

defendant and is denied, not upon the merits, but because the court in its discretion declines to go into the merits before the final hearing, and upon such final hearing the injunction is dissolved, the expenses of the motion to dissolve are properly allowable as damages.   And in such case, the final trial being necessary to dissolve the injunction and defendant being required to submit to it until such hearing, counsel fees for the trial may be allowed."

It appears from the record that the primary and principal relief sought in the original action was a permanent injunction.   On this point this court in the opinion in the original case, *Esselstyn v. The United States Gold Corporation,* 59 Colo. 294, (149 Pac. 93), at page 298, said:

"It appears from the pleadings that the action is in equity, wherein plaintiff seeks to enjoin defendant from pursuing its Cross vein, under its alleged apex rights, in its downward course into the Alpine Horn claim.   Plainly the primary object of the suit was for injunctive relief, and that fact determines its equitable character.   The damage sought was a mere incident.   The cause was properly triable to the court and plaintiff had no lawful right either to demand or have a jury.   If a jury had returned a verdict, it would have been advisory merely, and might have been either adopted or rejected by the court, in its discretion. *Danielson v. Gude,* 11 Colo. 87, 17 Pac. 283; *Coal Co. v. Coal Co.,* 24 Colo. 116, 48 Pac. 1045; *Cree v. Lewis,* 49 Colo. 186, 112 Pac. 326; *Selfridge v. Leonard-Heffner Co.,* 51 Colo. 314, 117 Pac. 158, Ann. Cas. 1913B, 282; *Neikirk v. Boulder National Bank,* 53 Colo. 350, 127 Pac. 137."

It also appears that the trial court held it impossible to pass upon the motion to dissolve the injunction without going fully into the merits of the case.   Indeed, the record conclusively shows that the whole matter was disposed of on motion to dissolve the injunction, and, by the weight of authority, under such circumstances, attorneys' fees are recoverable as for the defense of the main case.   22 Cyc. 1054, 1055.

We find no prejudicial error in the record, and the judgment is affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE concur.