No. 10,975.

REAGAN *v.* DICK.

Decided October 5, 1925.   Rehearing denied November 2, 1925.

Action on bonds.   Judgment for plaintiffs.

*Reversed.*

1.   INJUNCTION—*Bond—Judgment.*   There can be no judgment on a bond until the condition is fulfilled upon which liability would arise according to its terms.

2.   *Bond—Measure of Damages.*   Damages upon an injunction bond must be for such injury as was caused by the injunction only, not such as would have been suffered if there had been no injunction.

*Error to the District Court of Gunnison County, Hon. Thomas J. Black, Judge.*

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, for plaintiffs in error.

Messrs. CRUMP & RILEY, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendants in error had a directed verdict and a judgment against plaintiffs in error for $3,000 upon two bonds given in a previous suit, and the case is brought here for review.

The previous suit was by the plaintiffs in error against the present defendants in error for the possession of mining property. One of the bonds was for $1,000 and was given August 8, 1919, upon the granting of a temporary restraining order forbidding the working of the mines, and said Steele and Spencer, sureties therein, thereby undertook "that in case said injunction shall issue, the said plaintiffs will pay to the defendants all costs and damages which shall be awarded against the complainant in case said *restraining order* shall be modified or dissolved in whole or in part."

On August 14th a temporary injunction was granted and a bond of $2,000 given thereupon which is the other bond in suit. In this instrument the undertaking was identical with that in the other bond except that it read "in case the said *injunction* shall be modified or dissolved in whole or in part." April 27, 1920, a modified temporary injunction was issued, and a motion to dissolve the temporary restraining order and for judgment thereon under Code 1921, section 165, was denied. The defendants finally recovered judgment and the temporary injunction was thereupon dissolved and afterwards the present suit was brought.

The first point for reversal is that there should have been a directed verdict for defendants on the $1,000 bond. The point is well taken. The undertaking is to pay if the restraining order is modified or dissolved, which never happened. On the contrary, the restraining order ran its course till it became functus officio by the granting of the temporary injunction. The court found as a matter of law that this bond was not in form an emergency bond upon the restraining order, but was and is in form a general bond as upon the granting of an injunction and was a common law bond. It did not answer the requirements of the Code for a restraining order bond, yet even so it might be a good common law bond, but even if it was a common law bond, that would not justify a judgment upon it until the condition was fulfilled upon which liability would arise according to its terms. 32 C. J. 464; *Eaton v. Larimer etc., Co.,* 3 Colo. App. 366, 33 Pac. 278. On this account if for no other, the judgment must be reversed.

The second point made by plaintiffs in error is that the court adopted a wrong measure of damages. The damages claimed by plaintiff were mainly expenses and attorneys fees upon trial of the main case on the merits.

It was admitted that at least $3,000 was expended in hiring attorneys and in performing work necessary to prepare for the trial of the ejectment suit on its merits, but plaintiffs in error claim that only such attorneys fees and expenses as pertained to the injunction alone were proper factors in computing damages; that such as were necessary to the trial of the main case, i. e., ejectment, would have been incurred even if there had been no injunction, and so were not caused by the injunction and cannot be included in the claims.

This must be right. A plaintiff can ask no more than will put him where he would have been if there had been no wrong. The wrong was the temporary injunction, not the ejectment suit nor the permanent injunction that was sought but not obtained. The measure of damages is, therefore, the injury that was done by the temporary in-

junction, which manifestly does not include losses which would have been incurred even if there had been no temporary injunction.

The court found that the defendants in the former suit "necessarily paid, laid out and expended in the development of the mine, in counsel fees and other necessary expenses more than the sum of three thousand dollars," and based the judgment thereon. This was to make plaintiffs pay the whole of defendants' expenses in the suit merely because they had asked and obtained a temporary injunction, and was erroneous. 32 C. J. 465; *Tabor v. Clark,* 15 Colo. 434, 437, 25 Pac. 181; *Esselstyn v. U. S. Gold Corp.,* 69 Colo. 547, 551, 196 Pac. 183.

Defendants in error cite the last named case in support of their proposition that, if to dissolve an injunction it is necessary to try the injunction case on its merits, the expenses and attorneys' fees for such trial becomes a part of the measure of damages in a suit on the injunction bond. The case does not support that proposition without exception and the exception controls the present case. It appears in the case of *Esselstyn v. U. S. Gold Corp.,* 59 Colo. 294, 149 Pac. 93, which is the injunction suit pursuant to which the bonds in suit in the case in 69 Colo. 547, were given, that that suit was for an injunction, in favor of one holding a bond and lease against interference with him by a claimant of a cross vein. In such a case the above proposition may be right and just, but Mr. Justice Bailey in 69 Colorado at page 551, says: "It is clear and undisputed if the injunctive relief sought was ancillary merely, then that any expenditures made upon the main case could not be properly claimed as damages." That is correct and the principle there stated controls the present case, in which the main suit was ejectment, the temporary injunction was ancillary to that suit and although a permanent injunction was prayed for, the prayer amounted to nothing because a permanent injunction could not be had unless the ejectment suit was won, and in that event would be useless. The rule or statement, that where

it is impossible to dissolve the injunction until trial on the merits the expense and counsel fees for such trial may be included in the damages, is thus qualified in *Esselstyn v. U. S. Gold Corp.*, 69 Colo. 547, by the exception of the case where the injunction is ancillary. This exception is but a part or consequence of that broader and fundamental rule that damages upon an injunction bond must be for such injury as was caused by the injunction only, not such as would have been equally suffered if there had been no injunction. This is the evident meaning of the opinion of Mr. Justice Bailey and of 32 C. J. 474, § 820 which cites it.

The court and counsel for defendant in the present case fell into the error of supposing that the main purpose of the ejectment suit was to obtain an injunction. It was plainly ejectment. The allegations were right of possession in the plaintiff, entry and ouster by the defendant and prayer for possession and damages.

The judgment of the district court is reversed with directions to enter judgment for the defendant so far as the thousand dollar bond is concerned; upon the $2,000 bond a new trial is granted as to damages only, and judgment will be entered for the plaintiff for such amount as appears to be due upon a trial of damages had not inconsistently with this opinion.

All the Justices participating.