## No. 12,339.

DUNCAN ET AL. *v.* COMMERCIAL BANK OF LAS ANIMAS ET AL.
(300 Pac. 572)

Decided June 1, 1931. Rehearing denied June 22, 1931.

Mr. Guy D. Duncan, for plaintiffs in error.

Mr. C. E. Sydner, Mr. Granby Hillyer, Mr. G. R. Hillyer, for defendants in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

The Commercial Bank of Las Animas sued Guy D. Duncan, G. Dale and Continental Casualty Company in the Denver district court to recover on a $500 temporary injunction bond executed by these defendants in case No. 96,612 in the Denver district court wherein Guy D. Duncan and G. Dale were plaintiffs and the Commercial Bank of Las Animas and Dan Gates, as sheriff of Bent county, were defendants. The trial court found that plaintiff had been damaged in the full amount of the bond. To review a judgment entered thereon, Guy D. Duncan and G. Dale prosecute this writ. The Continental Casualty Company erroneously named as a defendant in error is not a party in this court.

The record discloses that the Commercial Bank of Las Animas had a judgment against one M. L. Langley on September 2, 1926, to satisfy which the sheriff of Bent county levied upon 64½ shares of capital stock of the Commercial Bank of Las Animas standing in the name of the judgment debtor. Pending the advertising and sale of this stock, Duncan and Dale brought an action against the Commercial Bank of Las Animas in the Denver district court claiming an interest therein and seeking an injunction restraining the sale of said shares of stock. A temporary restraining order was issued and the bond here involved was given. It provided that ''in case said temporary restraining order or temporary injunction shall issue, the said plaintiffs will pay to the defendants all costs and damages [not to exceed $500] as shall be awarded against the complainant in case the

said temporary restraining order or temporary injunction shall be modified or dissolved in whole or in part or if it shall be adjudged that such emergency did not exist or that the plaintiff created, or connived at its creation, by neglect or otherwise."

This case was tried upon the merits and the court found for the defendants, dissolved the temporary injunction and dismissed the action at plaintiff's costs. Upon issue being joined in the present suit, it was tried to the court and evidence was introduced showing that plaintiff had paid $500 for attorneys' fees and $40 to procure witnesses, etc., in defense of the same and to secure the dissolution of said temporary injunction. The court found that the Commercial Bank of Las Animas was required to employ counsel, namely, C. E. Sydner and said Granby Hillyer, for the purpose of securing a dissolution of such temporary restraining order, and for such service agreed to and did pay $500 and in addition thereto other costs and expenses were required which were not considered because the amount of recovery to the bank was limited to $500. Thereupon the court found the plaintiff to be damaged in the sum of $500 and entered judgment accordingly.

The assignments of error are numerous, but none has merit. The record indisputably shows that it was necessary for the bank to employ counsel to secure the dissolution of the injunctive writ and that the sum of $500 paid for such services was quite reasonable.

But counsel urges that the injunctive relief was merely ancillary to the main cause of action and that damages can be had only to the extent caused by said ancillary action. We cannot agree with this contention. The main purpose of the Duncan suit was to secure an injunctive order prohibiting the sale of the stock in question. In order to determine whether or not the temporary injunctive order should be dissolved, it was necessary that a trial on the merits be had. In such circumstances damages necessitated by such trial are recoverable. In *Essel-*

*styn v. United States Corporation,* 69 Colo. 547, 196 Pac. 183, the rule is announced as follows: "If the injunctive relief sought was ancillary merely, then that any expenditures made upon the main case could not be properly claimed as damages. On the other hand, if it were impossible to dissolve the injunction until trial of the case upon its merits, all expenses connected with such trial are proper elements of damage."

Judgment affirmed.

Mr. Chief Justice Adams, Mr. Justice Butler and Mr. Justice Burke concur.