516 P.2d 661 (1973)
H. J. MILLER and Sondra Miller, Plaintiffs-Appellants,
v.
CARNATION COMPANY, a Delaware corporation, and Albers Milling Company, a Delaware corporation, a division thereof, d/b/a Brighton Egg Company, Defendants-Appellees.
No. 72-381.
Colorado Court of Appeals, Div. II.
October 2, 1973.
Rehearing Denied October 24, 1973.
Certiorari Denied December 24, 1973.
*662 Kripke, Carrigan & Dufty, P. C., Douglas E. Bragg, Denver, for plaintiffs-appellants.
Davis, Graham & Stubbs, Robert H. Harry, John F. Welborn, Denver, for defendants-appellees.
Selected for Official Publication.
SMITH, Judge.
Plaintiffs brought this suit in the district court of Adams County seeking injunctive relief, compensatory damages and exemplary damages for defendants' management of a chicken farm which plaintiffs allege constitutes a nuisance, depriving plaintiffs of use and enjoyment of their property, and a trespass on that property. Plaintiffs appeal from the district court order granting defendants' motion to dismiss following presentation of plaintiffs' evidence to a jury. We reverse and remand for a new trial.
Brighton Egg Ranch was purchased by Carnation and its wholly-owned subsidiary, Albers, in 1964. In June of 1966, the plaintiffs purchased a home on land abutting the egg ranch. Following that purchase, plaintiffs became aware of conditions at the egg ranch which resulted in their property being plagued by annoying odors and by large numbers of flies.
There was evidence that the failure of defendants adequately to remove chicken manure from underneath the chicken houses resulted in obnoxious odors, caused the breeding of flies, and produced a home for mice and rats. Evidence was presented that the plaintiffs' home was damaged by flies and fly specks which ruined the paint and required increased maintenance, and that the flies existed in such numbers that plaintiffs were unable to enjoy the use of their property. Between 1966 and the commencement of this suit, plaintiffs complained often to the ranch management, *663 and the defendants responded by spraying the chicken houses and the plaintiffs' house with insecticides. There was evidence that the most effective method of reducing the flies was removal of the manure, but that the ranch management, in light of cost considerations, did not pursue the removal program. Prior to and during the trial, the defendants were in the process of removing the offending chicken houses.

I
Defendants urge that the appeal is improperly before this court. Specifically, they argue that plaintiffs, in their motion for new trial, failed to specify adequately the alleged errors made by the trial court. We find no merit in this argument. We believe plaintiffs' motion for new trial, together with their briefs submitted in support thereof, were sufficiently specific to permit the trial court an intelligent last look at the case prior to appeal. See Martin v. Opdyke Agency, Inc., 156 Colo. 316, 398 P.2d 971.

II
The primary issue in this case is whether the lower court erred in discharging the jury and in dismissing plaintiffs' claims for trespass and nuisance at the completion of plaintiffs' case. Plaintiffs sought both money damages for past actions of defendants and injunctive relief to prevent future trespass and the continuation of the alleged nuisance. At the hearing on the motion for new trial, the trial court stated that plaintiffs' suit was essentially equitable in nature and that the motion to dismiss had been granted upon the court's determination, as the trier of facts, that plaintiffs' evidence was insufficient to support either injunctive relief or an award of money damages.
Whether an issue of fact must, upon demand, be tried to a jury depends upon the character of the action in which the issue is joined. Setchell v. Dellacroce, 169 Colo. 212, 454 P.2d 804. It is the complaint which fixes the nature of the suit. See Uhl v. Fox, 31 Colo.App. 13, 498 P.2d 1177. Where the action is purely legal in nature, the parties are entitled to a jury trial, Johnson v. First National Bank, 24 Colo.App. 23, 131 P. 284; if not, it may be tried by the court, Miller v. District Court, 154 Colo. 125, 388 P.2d 763. Where there are legal and equitable claims joined in the complaint the court must determine whether the basic thrust of the action is equitable or legal in nature. See Esselstyn v. United States Gold Corp., 59 Colo. 294, 149 P. 93.
In the present case, plaintiffs allege claims essentially legal in nature and seek both money damages  a legal remedy  and injunctive relief  an equitable remedy. In Esselstyn v. United States Gold Corp., supra, the plaintiff alleged that defendant was extracting ore from plaintiff's mine. Plaintiff sought damages in the amount of $15,000 and injunctive relief against further encroachment on plaintiff's claim. In applying the general rule of law, the court concluded that the primary purpose of the suit was injunctive relief, with damages as a mere incident thereto, that the nature of the suit was therefore equitable, and that there was no entitlement to a jury. However, the court in Esselstyn did not attempt to lay down guidelines for determining whether an action is essentially legal or equitable in nature, and therefore provides little guidance in the case at bar.
In the more recent case of Setchell v. Dellacroce, supra, the supreme court enunciated principles of law which we believe satisfactorily resolve the present case. In Setchell, plaintiff sued for breach of contract seeking specific performance of a contract, and, in the alternative, money damages. In ruling that plaintiff was not entitled to a jury trial, the court stressed that cumulative remedies were not available to plaintiff. Had plaintiff proved his case, specific performance, as his primary prayer for relief, would have been granted. No damages would have been awarded because of the very nature of that equitable relief. On the other hand, plaintiff, by his *664 pleadings, sought money damages only in the event specific performance were unavailable. Under these circumstances, the court, citing Moore's Federal Practice, applied the federal rule that where a plaintiff prays primarily for equitable relief, and only in the alternative for a remedy at law, the character of the suit is equitable, and plaintiff therefore is not entitled to a jury trial. The clear implication of the court's reasoning in Setchell is that where cumulative, as opposed to alternative, equitable and legal remedies are sought, the legal claim is properly tried to a jury.
The rule adopted by the court in Setchell is one of the recognized exceptions embraced within the general rule that where a plaintiff alleges a claim or claims upon which he is entitled to both legal and equitable relief, and prays accordingly, there is a right to a jury trial on the legal claim but not on the equitable claim. See 5 J. Moore, Federal Practice ¶¶ 38.17, 38.19(1) (2d ed.). By adopting the exception in Setchell, we believe the supreme court has clearly indicated that Colorado should, in a case such as the one at bar, follow the general rule to which the exception relates, and we therefore hold that where, as here, plaintiffs seek damages and subsequent injunctive relief there is a right to a jury trial on the legal issues.

III
Having determined that the basic thrust of plaintiffs' complaint is such that it is properly triable to a jury, we must consider whether plaintiffs established a prima facie case of nuisance or trespass. The district court in a jury trial may dismiss a suit at the conclusion of plaintiff's evidence only where there is no evidence on a material element, or where there is no evidence to support a verdict in favor of the plaintiff. Russell v. Wheeler, 165 Colo. 296, 439 P.2d 43.
In a private nuisance suit, the essential question is whether the defending party has unreasonably interfered with the claimant's use and enjoyment of his property. Northwest Water Corp. v. Pennetta, 29 Colo.App. 1, 479 P.2d 398. In the present case, there is evidence that defendants' failure to remove manure from underneath the chicken houses resulted in a breeding ground for flies, that flies did in fact breed and multiply in the material, and that these flies annoyed plaintiffs and damaged their property. From a reading of the record, reasonable men could conclude that the flies constituted an unreasonable and substantial interference with plaintiffs' use and enjoyment of their land. It was therefore error for the trial court to dismiss the nuisance claim at the conclusion of plaintiffs' evidence.
Plaintiffs have also presented sufficient evidence to establish a prima facie case of trespass. Restatement (Second) of Torts § 158 states the rule that:
"One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally
(a) enters land in the possession of the other, or causes a thing or a third person to do so ..."
A landowner who sets in motion a force which, in the usual course of events, will damage property of another is guilty of a trespass on such property. Fairview Farms, Inc. v. Reynolds Metals Co., 176 F. Supp. 178. In the present case, there is evidence that defendants' conduct resulted in the breeding and multiplication of flies and that the flies intruded upon plaintiffs' property. This is sufficient to establish a prima facie case of trespass.

IV
Finally, plaintiffs urge that the trial court erred in dismissing the claim for exemplary damages. C.R.S.1963, 41-2-2, provides that exemplary damages may be recovered where the injury complained of was attended by a wanton and reckless disregard of the injured party's rights and feelings. The jury in this case could find that despite repeated complaints by plaintiffs over a period of five years, defendants, *665 while making some attempts to control the fly problem, may have failed to take the only action which would clearly remedy the situation, i. e., removal of the chicken manure. Whether this failure constitutes a wanton or reckless disregard of plaintiffs' rights is for the jury to determine.
Whether the facts in this case call for injunctive relief is a question properly left for the trial court. On the basis of plaintiffs' evidence, it was reasonable for the trial court to conclude that this is an improper case for injunctive relief. We will not disturb that determination.
Judgment affirmed in part, reversed in part and cause remanded for trial by jury on the legal issues.
COYTE and ENOCH, JJ., concur.