Susan F. DiFEDE, Plaintiff–Appellant,

v.

MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a Colorado corporation, John B. DiFede and Ann M. DiFede, and The Equitable Insurance Society of the United States, Defendants–Appellees.

No. 85CA0896.

Colorado Court of Appeals, Div. II.

March 24, 1988.

Rehearing Denied May 5, 1988.

Certiorari Granted (Mountain States) Sept. 19, 1988.

---

1. This provision of the Colorado Springs City Code has since been amended as section 14–3– 2706. The substantive provisions of sections 14–3–127 and 14–3–2706 are substantially identical.

Eugene Costello, David Kofoed, Denver, for plaintiff-appellant.

Anthony A. Johnson, Colorado Springs, Russell Rowe, Denver, John Torbet, Colorado Springs, Raymond Martin, Denver, for defendants-appellees.

SMITH, Judge.

Susan F. DiFede (DiFede) appeals the judgment of the trial court entered in favor of defendants after submission of the case to a jury. We reverse and remand with directions.

DiFede sought in three different actions which were ultimately consolidated: (1) to set aside several transfers of real property made by decedent, her husband, before his death., (2) to invalidate any change of beneficiary made relative to decedent's life insurance and to declare that DiFede was entitled, as the surviving spouse, to any other benefits payable from his employer, Mountain States Telephone and Telegraph Company., and (3) to be appointed by the court as personal representative of decedent's intestate estate. Defendants asserted that an executed separation agreement entered into between the parties prior to decedent's death constituted a defense to the actions. They also claim that a will

executed by decedent after execution of the agreement was valid.

The court determined that the validity of the separation agreement should be litigated first. This matter was tried with a jury that reached a verdict in favor of DiFede. The trial court, however, granted defendants' motion for judgment notwithstanding the verdict, and the judgments thereafter entered for defendants form the basis of this appeal.

In justification of its N.0.V. judgments, the trial court concluded it had made the following errors: (1) it improperly allowed DiFede to testify despite the bar of the Dead Man's Statute, s 13–90–102, C.R.S. (1987 Repl.Vol. 6A); (2) it erroneously submitted to the jury the issue of fraud since DiFede's own testimony was that she did not rely on the alleged misrepresentations; and (3) it erroneously refused, on the basis of attorney-client privilege, to allow any questions concerning whether DiFede had consulted with her own attorney, thereby precluding defendants from presenting their defense of laches. The court concluded that any of the three errors alone would have been a sufficient ground to disregard the verdict of the jury and to justify its determination that the separation agreement was valid and enforceable. We disagree.

## I.

■ First, the Dead Man's Statute was not a bar to testimony concerning conversations DiFede had with the attorney who prepared the separation agreement because the record clearly reflects that those conversations occurred outside the presence of decedent. See s 13–90–102(1)(a)(II), C.R.S. (1987 Repl.Vol. 6A).

Second, since there was evidence to support the allegation that DiFede may have relied on the statements made to her by counsel, despite other testimony that she would have signed the agreement anyway, that issue was one of disputed fact and was properly submitted to the jury.

■ As to the court's third point, however, it was correct in concluding that the attorney-client privilege should not have been a bar to DiFede's testimony concerning consultations she had with other counsel, since the applicable statute precludes only the attorney testifying without the consent of his client. See s 13–90–107(1)(b), C.R.S. (1987 Repl.Vol. 6A). The appropriate remedy, however, based on this error, was for the trial court to grant a new trial, not for it to substitute its own findings for that of the jury.

## II.

The trial court justified its entry of judgment contrary to the jury verdict by belatedly concluding that because at least some of the issues were equitable, the jury's verdict was in any event only advisory. We hold, however, that the court erred in treating the verdict as advisory only, and thus, conclude that the evidentiary error mandates a new trial.

■ Generally, in equity cases which are triable to the court, the aid of a jury may be invoked to determine specific questions of fact. In that event, the jury is advisory only, and the court may ultimately substitute its own findings for those made by the jury. C.R.C.P. 39(c); *Gertoe v. Gertoe*, 28 Colo.App. 246, 472 P.2d 188 (1970).

■ Here, although the recovery of property and money would result from a successful resolution of DiFede's claims, nevertheless, the actions were equitable in nature; hence, no right to a jury trial existed, absent agreement of the parties. Cf. C.R.C.P. 38(a) and C.R.C.P. 39(c); *Sawyer v. Munz*, 509 P.2d 1283 (Colo.App.1973) (not selected for official publication); see also *Miller v. Carnation Co.*, 33 Colo.App. 62, 516 P.2d 661 (1973).

■ However, a non-jury action may be tried to a jury with the consent of both parties. Once the court and counsel embark upon a non-jury proceeding in such a manner that it is treated as a jury case, the only way that the status of the jury may be changed thereafter is by agreement of the parties. *Young v. Colorado National Bank*, 148 Colo. 104, 365 P.2d 701 (1961).

To determine if the requested consent is present, the circumstances of the case must be examined. *Young v. Colorado National Bank,* supra. In *Young,* as here, both parties proceeded on the theory that the case was triable to a jury. The matter was set as a jury trial and both parties acknowledged this, without objection, in their pre-trial statements. In both cases, during the pendency of the action the suggestion was made that the case was in equity and only permitted an advisory verdict. In *Young,* an objection to a jury trial was posed at the conclusion of plaintiff's case, while here, immediately before trial defendants stated that they considered the jury to be advisory only. In each case, the trial court reserved ruling on the issue until the end of trial.

Consequently, we conclude that Young is dispositive here. Absent the evidentiary error referred to above, an order for rein-statement of the jury verdict would have been appropriate. Because of this evidentiary error the judgment must be reversed and the cause remanded for a new trial.

Because a new trial is necessary, we need not address DiFede's remaining contentions.

Accordingly, the judgment of the court entered notwithstanding the verdict is reversed, and the cause is remanded for a new trial.

BABCOCK and PLANK, JJ., concur.