## No. 11,512.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND *v.* SEEMANN INVESTMENT AND FIDELITY CO.

Decided May 24, 1926. Rehearing denied June 15, 1926.

Action on injunction bond. Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1.  INJUNCTION—*Bond—Damages.* In an action on an injunction bond, nothing can be recovered as damages that was not caused by the injunction.

2.  *Bond—Damages.* In an action on an injunction bond, expenses and fees that would have been incurred in any event cannot be recovered as damages.

3.  *Bond—Damages.* In an action on an injunction bond, a charge of $20 for application for additional security, held a proper item of damage.

4.  *Bond—Damages.* In an action on an injunction bond, items of expense which are not segregated as having been caused by the injunction, cannot be counted as damages.

5.  *Bond—Damages—Pleading.* In a suit on an injunction bond, action of the court in excluding evidence of certain items of damage because not pleaded, and denying leave to amend as to such items, held error.

*Error to the District Court of Clear Creek County, Hon. Samuel W. Johnson, Judge.*

Messrs. SABIN, McGLASHAN & SABIN, for plaintiff in error.

Messrs. MORRISON & DESOTO, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error, plaintiff below, had a directed verdict and judgment in an action on an injunction bond and the case comes here on error.

O'Leary et al. brought suit against the defendant in error herein and others for an accounting and later obtained a temporary injunction in that action restraining the sheriff of Clear Creek county from delivering a sheriff's deed pursuant to a sale on execution. The defendants had judgment in the accounting matter which dissolved the injunction. This action was then brought. The items constituting the damages included in the judgment were nearly all, if not all, expenses and attorney's fees in and about the main case. The injunction was merely ancillary.

Nothing can be recovered in this action that was not caused by the injunction; nothing was caused by the injunction that would have happened anyhow; the expenses and fees in the main case would have happened anyhow; therefore they cannot be recovered in this action. *Reagan v. Dick,* 78 Colo. 148, 240 Pac. 337. It follows that the fact, if it be a fact, that the injunction could not be dissolved without a trial of the main case is irrelevant. If any of the fees or expenses were incurred on account of the injunction they are not segregated, unless it be the charge of $20 for an application for additional security, which we think a proper item of damages since it could not have been incurred but for the injunction. The unsegregated expense, of course, cannot be counted as damages. *Quinn v. Baldwin Star Coal Co.,* 19 Colo. App. 497, 76 Pac. 552. For these reasons the case must be reversed.

Defendant in error, however, assigns cross-error. The court excluded evidence of certain damage incurred during the pendency of the injunction; that is: (1) Ex-

pense of watchmen employed in custody of the property sold by the sheriff; (2) deterioration; (3) loss of use and occupation. The court's reason for these rulings was that there was no allegation of such damages in the pleadings, and it then denied leave to amend. These rulings are assigned as error and were such. The complaint alleges that plaintiff "expended and became obligated to pay large sums of money, to wit,    *    *    *. Watchmen guarding property during existence of said temporary injunction, 4866.00," and in like manner alleges expenses and loss by deterioration and loss of use, and "that the expenditures above mentioned were necessarily made, disbursed and paid out by plaintiff in procuring the dissolution of said temporary injunction and for and on account of the same and for no other reason or purpose." The court's theory was that these items were alleged merely to have been paid to secure a dissolution, but the allegation is that they were "on account of the existence" of the injunction, which we think is enough. Yet, be that as it may, the purpose of the allegation is clear, no one could be misled and the amendment should therefore have been allowed.

We express no opinion as to whether the expense of watchmen, the loss by deterioration, and loss of use are proper items of damages, because that may depend somewhat on the evidence. It is enough to say that it must be shown that the damage to plaintiff was caused by the injunction, i. e., wouldn't have happened without it.

The motion for supersedeas is denied and the judgment is reversed and new trial granted.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.