**Marguerette GILMORE,
Plaintiff-Appellee and
Cross-Appellant,**

v.

**Walter M. RUBECK, Georgia J. Rubeck, Joe Straziscar, and Rose M. Straziscar, Defendants-Appellants and Cross-Appellees.**

**No. 84CA0360.**

Colorado Court of Appeals,
Div. I.

Sept. 19, 1985.

Kelly, Potter and Barshov, P.C., Eric Damian Kelly, Gary J. Raso, Deborah E. Eyler, Pueblo, for plaintiff-appellee and cross-appellant.

Evans & Briggs, Paul V. Evans, G. Scott Briggs, Colorado Springs, for defendants-appellants and cross-appellees.

PIERCE, Judge.

This appeal arises from a dispute over whether a particular mineral deposit was properly located as a lode claim by plaintiff, Marguerette Gilmore (Gilmore), or as a placer claim by defendants, Walter M. Rubeck, Georgia J. Rubeck, Joe Straziscar, and Rose M. Straziscar (Rubecks). Gilmore obtained a temporary injunction and posted a bond. On Gilmore's allegations of trespass and request for injunctive relief and damages, the master found in favor of Rubecks and was upheld by the district court on review. Subsequently, Rubecks filed a motion seeking an award of costs and damages since they had prevailed in the injunctive action. Gilmore cross-appeals. We reverse for further determinations as to Rubecks' appeal, and affirm the trial court on the issues raised on cross-appeal.

## I. Rubecks' Appeal

The Rubecks argue that, as the prevailing parties at trial, they are entitled to an award of costs and damages. We agree that they are entitled to receipt of at least some costs, and are also entitled to consideration by the trial court of the damages issue.

### A.

■ Section 13–16–114, C.R.S., provides, in pertinent part, that in:

"[C]ases in equity *not otherwise directed by law*, it is in the discretion of the court to award costs or not." (emphasis added)

The phrase "not otherwise directed by law" is significant since it directs us to other statutory provisions such as § 13–16–105, C.R.S., which states that defendant *"shall have judgment to recover his costs against the plaintiff"* "in any action" (emphasis added) where a judgment is found against the plaintiff. Thus, although an award of costs in an equity action is generally within the discretion of the court, § 13–16–105, C.R.S., requires an assessment of costs against the plaintiff in a situation such as this.

■ Discretion nevertheless remains with the trial court in deciding which costs are to be included in such an assessment. In its determination, the trial court should be guided by § 13–16–122, C.R.S. (1984 Cum.Supp.).

### B.

■ Damages, such as net profits lost as a result of an injunctive restraint on working mining claims, are recoverable by the prevailing party. *Streeter v. Marshall Silver Mining Co.*, 4 Colo. 535 (1879). *See* C.R.C.P. 65(c). Thus, upon sufficient proof of net profit losses caused by the injunction, Rubecks may recover damages. *See* C.R.C.P. 65(c); *American Bible Society v. Blount*, 446 F.2d 588 (3rd Cir.1971); *Fidelity & Deposit Co. v. Seemann Investment & Fidelity Co.*, 79 Colo. 522, 247 P. 182 (1926); *see also Cope v. Vermeer Sales & Service of Colo., Inc.*, 650 P.2d 1307 (Colo. App.1982).

Because the trial court provided no findings as to the damages issue, we remand for appropriate findings. However, we direct that the trial court confine its consideration to the record because Rubecks have had a full opportunity to present their evidence on this issue. Also, so that there will be funds to satisfy any amount due,

the bond posted by Gilmore should not be released until the trial court has assessed the costs, as mandated, and determined damages, if any.

Rubecks' remaining contentions lack merit.

## II. Gilmore's Cross-Appeal

### A.

We disagree with Gilmore's first contention that the trial court erred in denying her motion for new trial based on ·newly-discovered evidence.

 Gilmore's purported new evidence consists of a geologist's report which is favorable to Gilmore in that it supports Gilmore's theory of lode location. However, to warrant a new trial, new evidence must not only be material for the party making the application for a new trial, but also must be such that that party could not with reasonable diligence have discovered and produced it at trial, and it must be such as probably to change the result. *Phillips v. Monarch Recreation Corp.*, 668 P.2d 982 (Colo.App.1983). Here, none of the requirements were satisfied. Therefore, there was no error.

### B.

Gilmore next contends that the master failed to accord Gilmore, as the prior locator, a presumption of validity of ownership. No error was committed here.

In this case, we are not dealing with a question of priority in time. Rather, the focal issue was whether the discovery was proper as a lode or as a placer. Such a question is one of fact. *Cole v. Ralph*, 252 U.S. 286, 40 S.Ct. 321, 64 L.Ed. 567 (1920); *Titanium Actynite Industries v. McLennan*, 272 F.2d 667 (10th Cir.1959).

A discovery of a placer deposit will not sustain a lode location. Rocky Mtn. Min. L. Inst., *American Law of Mining* § 4.15 (1983); *see Cole v. Ralph, supra.* Thus, a locator identifies the character of the deposit—whether it is a lode or placer—at his peril. Rocky Mtn. Min. L. Inst., *American Law of Mining* § 5.9A (1983); *Cole v. Ralph, supra; see Bowen v. Che-*

*mi-Cote Perlite Corp.*, 102 Ariz. 423, 432 P.2d 435 (1967).

The record supports the master's findings of fact that the discovery here properly sustains a placer location and not a lode location. As a result, Gilmore's discovery based on a lode claim is invalid. She, therefore, has not met her burden of presenting a prima facie case and the presumption giving priority of right against a subsequent locator did not attach to her location.

The other issue raised by Gilmore is without merit.

The judgment regarding costs and damages is reversed and the cause is remanded for a determination of costs to be awarded Rubecks and for consideration of damages, if any, suffered by Rubecks. The judgment in all other respects is affirmed.

VAN CISE and STERNBERG, JJ., concur.