**In re the MARRIAGE OF Cynthia T. MARSHALL, Appellant and Cross–Appellee,**

**and**

**John D. Marshall, Appellee and Cross–Appellant.**

**No. 87CA1749.**

Colorado Court of Appeals, Div. 3.

Sept. 7, 1989.*

* Prior Opinion Announced July 6, 1989, WITH-    DRAWN. Petition for Rehearing GRANTED.

Machol & Machol, P.C., Wendy L. Merrill, Jacques A. Machol, Jr., Denver, for appellant and cross-appellee.

John D. Marshall, pro se.

Opinion by Judge CRISWELL.

In this dissolution of marriage action, Cynthia T. Marshall (the wife) appeals the trial court's refusal to award maintenance to her. She argues such refusal was in error because of the financial contributions she made to the professional education of John D. Marshall (the husband). The husband cross-appeals, contesting the trial court's orders on child visitation and support and attorney fees. We affirm in part, reverse in part, and remand for further proceedings.

The parties were married in August 1980 and separated in April 1986. At the time of the marriage, the wife was employed full-time as a bookkeeper and was also attending college on a part-time basis. Upon her marriage, she ceased her educational efforts.

During the entire course of the marriage, the husband was a full-time college student, earning an undergraduate degree in business and a degree in law. The evidence indicated that, during this time, the wife earned some $145,227 which she contributed to the marriage, while the husband earned and contributed about $11,000.

There was a conflict in the evidence as to whether the parties expected that the wife would resume her education after the husband received his law degree; she testified that the parties had expressly agreed that she was to do so, while the husband denied making any such agreement. The trial court found that the parties had not entered into any express agreement upon the subject, but the court adopted no findings as to the parties' mutual, or the wife's unilateral, expectations or intentions in this respect.

## I.

■ The wife contends that the trial court erred in rejecting her claim for maintenance, asserting that, in light of the parties' expectations, she should be awarded maintenance so as to allow her to resume her education, or in the alternative, she should be given an equitable award of restitution. We agree that the trial court did not properly assess this assertion.

The trial court found that the wife was not eligible for maintenance because she

did not establish the threshold of need necessary to justify such an award under § 14–10–114, C.R.S. (1987 Repl.Vol. 6B). That statute provides that a maintenance order may be granted only if the court finds that the spouse seeking maintenance:

> "(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
> (b) Is unable to support himself through appropriate employment...."

Subsequent to entry of the order here at issue, the opinion in *In re Marriage of Olar*, 747 P.2d 676 (Colo.1987), was announced. There, the court rejected a narrow construction of the phrases "reasonable needs" and "appropriate employment." It held that the determination of a spouse's reasonable needs depends on the particular facts and circumstances of the parties' marriage and that the spouse's economic circumstances and reasonable expectations during the marriage must be considered in determining what constitutes appropriate employment.

Here, although the trial court concluded that the parties had no agreement with reference to the wife's future education, it made no findings with respect to the parties', or the wife's, reasonable expectations. Rather, its decision to deny any maintenance to the wife appears to have been based solely upon the absence of any agreement between the parties. This was error, and therefore, the matter must be remanded to the trial court for a reconsideration of the maintenance issue in light of the factors described in *In re Marriage of Olar*.

In view of this disposition, we need not address the wife's alternative contention.

## II.

■ We reject the wife's contention that the trial court erred in not requiring the husband to post a security bond insuring that she, as the co-signer on his student loans, will not be held responsible on the loans if he defaults or declares bankruptcy.

Although the trial court is authorized under § 14–10–118(2), C.R.S. (1987 Repl. Vol. 6B) to require the posting of security to insure enforcement of its orders, the decision to exercise such power is discretionary with the trial court.

While there was some suggestion made by the husband in a trial brief that the payments on the loans might not be made in a timely manner in the future, there was no evidence that the husband intended not to pay the loans or that he intended to file any bankruptcy petition. Under these circumstances, we cannot conclude that the wife was entitled to security as a matter of law or that the trial court abused its discretion in refusing to require such security.

## III.

■ The husband, on cross-appeal, contends that the trial court erred in calculating his child support obligation on the basis of potential, rather than actual, income. We disagree.

The trial court is authorized under § 14–10–115(7)(a) and (b)(I), C.R.S. (1987 Repl.Vol. 6B) to calculate child support based on a determination of a parent's potential income if the parent is "voluntarily unemployed or underemployed." Thus, the statute does not restrict the trial court to a consideration of the parent's past earnings, but may consider his present earning capacity.

The husband in this case is a licensed attorney, who also has an undergraduate degree in business administration and a trade license as a journeyman plumber. Hence, there is ample support in the record for the trial court's determination that he is capable of earning gross income of $2,000 per month.

## IV.

■ The husband also asserts that the trial court erred in failing to calculate child support on the basis of shared physical custody pursuant to the guidelines in § 14–10–115(8), (10)(c), and (14)(b), C.R.S. (1987 Repl.Vol. 6B). We conclude that the findings of the trial court are insufficient to allow us to review this assertion.

The child support guidelines provide that, for purposes of calculating support obligations on the basis of shared physical custody, each parent must (1) keep the child overnight for more than twenty-five percent of the year and (2) contribute to the child's expenses in addition to the payment of child support. Section 14–10–115(8), C.R.S. (1987 Repl.Vol. 6B). Further, unless there is an applicable exception, in order to depart from the presumptive amounts specified in the statute, the trial court must find that the application of the guidelines would be inequitable, and it must make findings specifying the reasons for deviation. Section 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B).

Here, the trial court originally entered an order, which both parties moved to amend, awarding custody of the parties' minor child to the wife and requiring the husband to pay child support in the amount of $300 per month. Later, at a hearing on the wife's motion to remove the child from the state, the parties stipulated that the husband was to have custody of the child for four months each year. The court stated that it would accept the stipulation and that it intended to enter an amended order shortly.

In its amended order, the trial court set the husband's child support obligation at $350 per month, which is not consistent with the support formula applicable to shared custody under § 14–10–115(10)(c) and (14)(b), C.R.S. (1987 Repl.Vol. 6B). It entered such order without making additional findings or explaining the reasons for its order.

When the trial court deviated from the guidelines, however, it was required to find either that one of the specified relevant factors in § 14–10–115(1), C.R.S. (1987 Repl.Vol. 6B) applies or that the husband did not make contributions to the child's expenses beyond what he was obligated to pay in child support. *See In re Marriage of Redford,* 776 P.2d 1149 (Colo.App.1989). There may be sufficient evidence in the record to support the court's order, but that cannot be determined without knowing the basis for its decision. Therefore, this issue concerning the child support obligation must be remanded to the trial court for reconsideration.

## V.

We agree with the husband that the trial court erred in failing to make any provision for the expense of transportation of the child between the homes of the parents.

Under § 14–10–115(13)(a)(II), C.R.S. (1987 Repl.Vol. 6B), these costs are to be divided between the parents in proportion to their adjusted gross income. Accordingly, on remand, the trial court should make findings based upon this standard.

## VI.

Finally, we reject the husband's various contentions of error concerning the denial of his request for attorney fees.

### A.

Inasmuch as the record does not reflect that the trial court did, in fact, vacate the prior award of attorney fees to husband, there is no basis for husband's contention that the court erred in so doing.

### B.

The husband also contends that the trial court abused its discretion in refusing to award him attorney fees and costs, either because the wife's actions in pursuing permanent orders were groundless, frivolous, and vexatious, or because the husband made the wife an offer of judgment pursuant to C.R.C.P. 68 prior to the permanent orders hearing. We reject both of these contentions.

It is evident that the wife's claims were supported both by credible evidence and by rational argument based on the law. *See Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984). Accordingly, attorney fees were not warranted under § 13–17–102, C.R.S. (1987 Repl.Vol. 6A).

In addition, C.R.C.P. 68, requiring an award of costs after a judgment is entered that is not more favorable than a

previously filed offer of judgment, is not applicable to an action in equity that does not seek a money judgment at law. Such cases are governed by § 13–16–114, C.R.S. (1987 Repl.Vol. 6A), which authorizes the court "to award costs or not." *See Gilmore v. Rubeck*, 708 P.2d 486 (Colo.App. 1985).

■ A request for the entry of permanent orders respecting child custody and support, maintenance, and property division in a dissolution of marriage action cannot be considered to be an action at law for money damages. *See Young v. Colorado National Bank*, 148 Colo. 104, 365 P.2d 701 (1961). Thus, the court committed no error in refusing to apply C.R.C.P. 68 in this instance.

Those portions of the judgment relating to maintenance, child support as it pertains to shared custody, and transportation expenses incidental to child visitation are reversed and the cause is remanded to the trial court with directions to reconsider its previous orders and to enter new and additional findings and conclusions thereon and new orders appropriate to such findings and conclusions. The trial court's amended order for child support shall remain in effect, with adjustments to be made, if appropriate, as of the date of the hearing on the motion to remove the minor child from the state, August 11, 1987. The remainder of the judgment is affirmed.

NEY and RULAND, JJ., concur.